THE STATE OF IOWA, for Use of WINNESHIEK COUNTY, Appellant, v. I. W. BURDICK *et al.*, Appellees.

1. **Action on Lost Bond:** PAROL EVIDENCE. In an action upon a lost bail-bond, the sheriff of the county, who was present when the bond was executed, having testified that he examined the bond, and that to his best recollection there was a day and an hour fixed therein for the appearance of the accused, but that he did not then remember the same, was asked, "whether on the day and hour fixed he appeared before the magistrate." *Held,* that an answer to the question was improperly excluded as incompetent, and as calling for a conclusion.

2. ———: FORFEITURE: EFFECT OF DOCKET ENTRY. The magistrate's docket recited that at the preliminary hearing a continuance was granted the accused for two weeks, which did not expire until the next day after the forfeiture upon the bond was declared. *Held*, that if the date the forfeiture was declared was the day fixed in the bond for the appearance of the accused, the legality of the forfeiture would not be affected by the entry in the magistrate's docket.

3. ———: ———: EVIDENCE: DIRECTING OF VERDICT. There being evidence of the execution of the bond, and the amount thereof, and testimony from which the jury could have found that the recitals of the bond required the appearance of the accused upon a certain date, and that he made default, because of which a forfeiture was declared, *held*, that the court erred in directing a verdict against the plaintiff.

*Appeal from Winneshiek District Court.*—Hon. W. A. Hoyt, Judge.

Monday, February 8, 1892.

ACTION on an appearance bond. There was a judgment for the intervenor, and the plaintiff appeals. *Reversed.*

*John B. Kaye*, for appellant.

*L. Bullis*, for appellee.

GRANGER, J.—On the twenty-sixth day of August, 1884, one H. D. Salberg was arrested in a proceeding on preliminary information, and taken before W. H. Valleau, as mayor of the city of Decorah. In a book entitled, "City Docket, W. H. Valleau, Mayor," the case is entitled, "The State of Iowa v. H. D. Salberg." The record following recites the filing of the information, charging the crime of "using an instrument upon pregnant women, with intent to produce a miscarriage." It then recites an issuing of a warrant, the arrest and appearance of the defendant, and then follows:

"The above-mentioned information being distinctly read to the said H. D. Salberg, and being asked if he was presented by his right name, he answered that he was. He then asked for an adjournment for two weeks,

which was granted upon giving seven hundred and fifty dollars bail. At nine o'clock a. m., September 8, 1884, case called for hearing, and the defendant Salberg failed to appear after being duly called, and, after the case was held open for one hour, the bond is therefore declared forfeited.                W. H. VALLEAU,

"Mayor."

T. W. Burdick, defendant herein, is the surety on the appearance bond referred to, and with him was deposited by Salberg seven hundred and fifty dollars as an indemnity against loss. Salberg afterwards died, and the intervenor Ervin is the administrator of his estate. This action is to recover upon Salberg's forfeiture of the bond, and the practical contest is between the plaintiff and the intervenor, the latter claiming that the "surety has never been liable" on the bond. The main question in the case is as to there having been a legal forfeiture declared. The bond was lost, and the plaintiff was left to parol proof of its contents. The twenty-sixth day of August, 1884, was on Tuesday. The eighth day of September, 1884, being the day on which the forfeiture was declared, was on the second Monday after, and a vigorous contention is made as to the forfeiture having been taken on the day to which the proceeding was actually adjourned, it being claimed that two weeks would carry it to the day after the occurrence of the forfeiture. The district court, at the close of the plaintiff's testimony, on its own motion directed a verdict for the intervenor.

I. H. M. Langland was at the time sheriff of the county and received the warrant and made the arrest of Salberg. He was with Salberg when Burdick signed the bond, and took the bond to the mayor who approved it. He examined the bond, and as a witness says that to "my best recollection there was a day fixed in the bond and an hour." He was then asked: "State whether on the day and hour fixed you appeared before the magis-

1: ACTION on lost bond: parol evidence.

trate." An objection was sustained, because of incompetency and calling for a conclusion. The witness had testified that he was present when the proceedings were had forfeiting the bond. The purpose of this question was to fix the time of the forfeiture the same as that named in the bond, and for that purpose the question was surely proper. It is true the witness had said that he did not then remember the day and hour fixed in the bond, but his testimony shows that at the time of the appearance he did know, and it was competent for him to state whether or not his appearance was at the time fixed. The question is not improper as calling for a conclusion.

II. We are not favored with the thought that controlled the district court in directing a verdict, but there are some reasons to believe that a difference in views existed on the trial as to the effect of the docket entry in fixing the adjournment for two weeks. It will be observed that the docket entry grants a request to adjourn "for two weeks." No specific day or hour is named. The bond after it was given was in the custody of the magistrate and a part of his record. If the bond specified the eighth day of September, 1884, at nine o'clock A. M., as the time for appearance, we do not think the somewhat indefinite entry in the docket or minutes should control against it; but we think the bond fixed the obligation for the appearance of Salberg. It was the undertaking he subscribed to, and a mistake in the magistrate's minutes would not operate to release him therefrom. It is true that the forfeiture must be taken at the time fixed in the bond for the appearance, and that is a fact the plaintiff was attempting to prove. If the bond was before the court, and it recited that the appearance should be the eighth of September, there should be no question, looking at the entire record, of that being the legal obligation of Salberg. If that would be the legal *status*, with the bond before us,

2. ——:forfeiture: effect of docket entry.

then, with the bond lost, evidence that would tend to show that fact would be admissible. If Langland then knew, aided by his memoranda or from independent recollection, the time fixed in the bond, and remembered that he went before the magistrate at that time, and that the forfeiture proceedings were then had, we think it proper to show that the time fixed in the bond and the proceedings had are the same in point of time; and this is really the controlling question in the case. These observations will, we think, be a sufficient guide to the introduction of evidence on a new trial, without considering other assignments of nearly or quite the same character.

III. An assignment brings in question the correctness of the court's action in directing a verdict for the intervenor. We think there was error in this. The record shows the execution of the bond and the amount thereof. It shows testimony from which the jury could have found that the recitals of the bond required Salberg's appearance before the magistrate on the eighth day of September, 1884, at nine o'clock A. M.; and that he made default, because of which a forfeiture was declared. If the jury had so found, the plaintiff would have been entitled to its verdict. Because of the error designated, the judgment is REVERSED.

3. —: —: evidence: directing verdict.